

# Service of Process Transmittal

07/19/2021
CT Log Number 539924176

| | |
|---|---|
| **TO:** | Joe Angulo<br>Bodega Latina Corporation<br>14601B LAKEWOOD BLVD<br>PARAMOUNT, CA 90723-3602 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Fiesta Mart, L.L.C.  (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JULIA DELAFUENTE, Pltf. vs. FIESTA MART LLC and FIEST MART, INC., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 202140659 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/19/2021 at 15:03 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780126109203<br><br>Image SOP<br><br>Email Notification,  Monica Penichet  monica.penichet@blcmarkets.com<br><br>Email Notification,  Juan Ramos  juan.ramos@blcmarkets.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Mon, Jul 19, 2021 |
| **Server Name:** | DON ANDERSON |

| Entity Served | FIESTA MART LLC |
|---|---|
| Case Number | 2021-40659 |
| Jurisdiction | TX |



CAUSE NO. 202140659

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 903686  TRACKING NO: 73888409
EML

| Plaintiff: | In The 189th |
| --- | --- |
| DELAFUENTE, JULIA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FIESTA MART LLC | Houston, Texas |

## CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

To:   FIESTA MART LLC (A CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900, DALLAS TX 75201
OR WHEREVER THEY MAY BE FOUND

Attached is a copy of: PLAINTIFFS ORIGINAL PETITION INTERROGATORIES AND REQUEST FOR PRODUCTION

This instrument was filed on July 7, 2021 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on July 9, 2021, under my hand and seal of said court.



| Issued at the request of: | Marilyn Burgess, District Clerk |
| --- | --- |
| Mestemaker, David K. | Harris County, Texas |
| 3100 TIMMONS SUITE 455 | 201 CAROLINE  Houston Texas 77002 |
| HOUSTON, TX  77027 | (PO Box 4651, Houston, Texas 77210) |
| 713-626-8900 | |
| Bar Number: 13974600 | |

Generated By: CAROLINA SALGADO

Tracking Number: 73888409

EML

CAUSE NUMBER: 202140659

| | |
|---|---|
| PLAINTIFF: DELAFUENTE, JULIA | In the 189th |
| vs. | Judicial District Court of |
| DEFENDANT: FIESTA MART LLC | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____        By_____
                Affiant                                                                  Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

                                                                _____
                                                                Notary Public

Case 4:21-cv-02681   Document 1-4   Filed on 08/17/21 in TXSD   Page 5 of 19

7/7/2021 12:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55109703
By: Carolina Salgado
Filed: 7/7/2021 12:09 PM

2021-40659 / Court: 189

CAUSE NO. _____

| | | |
|---|---|---|
| JULIA DELAFUENTE, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| FIESTA MART LLC, and FIEST | § | |
| MART, INC, Individually and D/B/A | § | |
| FIESTA MART, INC #28, | § | |
|     Defendants, | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION,
INTERROGATORIES, AND REQUEST FOR PRODUCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JULIA DELAFUENTE, Plaintiff, complaining of FIESTA MART LLC, and FIEST MART, INC, Individually and D/B/A FIESTA MART, INC #28, Defendants, and for cause would show unto the Court as follows:

I.
DISCOVERY CONTROL PLAN

1.1    Pursuant to the Texas Rules of Civil Procedure, Rule 190.1, Plaintiff states that the litigation of this case will be controlled by Level 2 discovery.

II.
PARTIES

2.1    Plaintiff, JULIA DELAFUENTE is, and was at all times material hereto, a resident of Harris County, Texas.

2.2    Defendant, FIESTA MART LLC, is a corporation doing business in the State of Texas for the purpose of accumulating profits and can be served by serving its registered agent CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever they may be found.

2.3    Defendant, FIEST MART, INC Individually and D/B/A FIESTA MART, INC #28, is a corporation doing business in the State of Texas for the purpose of accumulating profits and can be served by serving its registered agent CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever they may be found.

### III.
### JURISDICTION AND VENUE

3.1    Jurisdiction is consistent with the damages sought by Plaintiff.

3.2    Venue is proper pursuant to subsection 15.002 of the Texas Civil Practice and Remedies Code.

### IV.
### FACTS

4.1    On or about October 19, 2020, Plaintiff was an invitee at Defendants' business located at 11006 Airline Drive, Houston, Texas 77037.

4.2    As Plaintiff was navigating Defendants' premises, Plaintiff suddenly slipped and fell due to a slippery substance that had accumulated on the floor.

4.3    Clearly, at least one of Defendants employees/agents was aware of the dangerous condition. Despite this knowledge, Defendants neither made the area safe nor warned invitees, such as Plaintiff of the dangerous condition on the floor.

### V.
### THEORIES OF RECOVERY

Premises Liability

5.1    Recovery against Defendants is justified under the common law theory of premises liability.

5.2     Plaintiff was an invitee.

5.3     Defendants were the occupier and/or possessor of the subject premises.

5.4     The condition of the premises posed an unreasonable risk of harm to Plaintiff. On the occasion in question, Defendants failed to maintain the area in question in a safe manner. In fact, at least one of Defendants' employees/agents was aware of the dangerous condition on the floor. Despite this knowledge, Defendants failed to either adequately warn the Plaintiff or make safe the area where the incident occurred.

5.5     Defendants' lack of care proximately caused Plaintiff's injuries.

## VI.
## DAMAGES

6.1     As a direct result of the negligent acts and omissions of the Defendants, Plaintiff has suffered, and will suffer, numerous and serious injuries, including, but not limited to:

    a.     Medical expenses in the past;

    b.     Medical expenses in the future;

    c.     Pain and suffering in the past;

    d.     Pain and suffering in the future;

    e.     Mental anguish in the past; and,

    f.     Mental anguish in the future;

    g.     Lost wages/income in the past and future.

Plaintiff sues for actual and special damages. However, Plaintiff reserves the right to introduce at trial amendment to conform to the evidence adduced at trial and determined by the judge to fairly compensate Plaintiff for the suffered damages.

## VII.
## COURT COSTS

7.1     Plaintiff requests that she recover from the Defendants all costs incurred pursuant to Rule 131, TEX.R.CIV.P.

## VIII.
## PRE- AND POST-JUDGMENT INTEREST

8.1     Plaintiff requests she be granted pre-judgment interest at the maximum rate allowed by law per year, commencing on the 30th day from and after the sum is due and payable, until date of judgment; together with post-judgment interest at the maximum rate allowed by law from date of judgment until the judgment has been paid in full.

## IX.
## CONDITIONS PRECEDENT

9.1     All conditions precedent to Plaintiff's right to bring this action and to recover the suffered damages and to Defendant's liability have been performed or have occurred.

## X.
## ADOPTION BY REFERENCE

10.1    Except as otherwise expressly set forth or implied by context, all statements set forth in each paragraph of this pleading are adopted by reference and incorporated into each and every other section and paragraph of this pleading to afford Plaintiff the maximum recovery for relief and for purposes of providing fair notice of Plaintiff's allegations.

## XI.
## AMOUNT OF RECOVERY SOUGHT

Pursuant to TRCP 47, Plaintiff seeks to recover monetary relief over $250,000.00 but not more than $1,000,000.00.

## XII.
## INTERROGATORIES AND REQUEST FOR PRODUCTION

These discovery requests are bring served on Defendants thirty-five (35) days after Defendants' original answer is filed.

Pursuant to Rules 196 and 197, TEX.R.CIV.P., Plaintiff herein propounds the following interrogatories and requests for production to Defendant. You are notified that your answers to these discovery requests must be filed separately, in writing, under oath and properly sworn under oath within thirty (30) days from the date of service of these interrogatories upon Defendant and that your sworn answers may be offered into evidence at the trial of this cause.

Furthermore, Plaintiff requests Defendant produce the information, records, and/or documents requested and identified herein below in Plaintiff's request for production for inspection and copying within thirty (30) days following service at the office of the undersigned.

You are further charged with the duty, as imposed upon you by Rule 193.5, TEX.R.CIV.P., to reasonably supplement your answers if you obtain information upon the basis of which:

(a) You or your attorney know that the answer to one or more of the following interrogatories was incorrect or incomplete when made; or

(b) You or your attorney know that your answer to one or more of the following interrogatories, though correct and complete when made, is no longer true and complete and the circumstances are such that failure to amend your answer is, in substance, misleading; or

(c) Information responsive to the request for production becomes available after your responses to the requests for production have been served.

**Definitions for Interrogatories and Requests for Production**

1. "*Plaintiff*" means the party that propounded these Interrogatories and Requests for Production.

2. "*Defendant*," "*you*" and "*your*" means the individual to whom the Interrogatories were propounded to, their attorneys, agents, and/or all other natural persons or business or legal entities acting or purporting to act for or on said Defendant's behalf, whether authorized to do so or not.

3. "*Identify*" or "*Identification*":

    1. When used in reference to a person, "*identify*" or "*identification*" means to state his/her full name, present or last known residence address, present or last known business address and telephone number.

    2. When used in reference to a public or private corporation, governmental entity, partnership or association, "*identify*" or "*identification*" means to state full name, present or last known business address, present or operating address, the name of its chief executive officer and its telephone number.

    3. When used in reference to a document, "*identify*" or "*identification*" shall include statement of the following:

        a. The title, heading or caption, if any of such document;

        b. The identifying number(s), letter(s), or combinations therefore, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery.

        c. The date appearing on such documents; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which document was prepared;

        d. The number of pages and the general nature or description of such document (i.e. whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        e. The name and the capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared such document;

–6–

      f.      The name and the capacity of the person to whom such documents was addressed and the name and capacity of such person, other than such addresses, to whom such document, or a copy thereof, was sent; and

      g.      The physical location of the document and the name of its custodian or custodians.

4.   "*Document*" or "*documents*" shall be used in the broadest sense and shall mean and include all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems, together with codes and/or programming instructions and/or other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analysis; announcements; bills, statements and/or other records of obligation and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts; drawings; check registers; checkbooks; circulars; collateral files and/or contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and/or contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers; journals; balance sheets; profit and loss statements and other sources of financial data; letters; logs, notes or memoranda of telephonic or face to face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical and/or financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews, stock transfer ledgers; technical and/or engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results and/or conclusions; summaries, notes and other records and/or recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and/or other communications sent or received; transcripts or testimony; UCC instruments; work papers and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested. The term "document" or "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced. "Document" or "documents" means and includes all matter within the foregoing description that is in the actual or constructive possession,

control or custody of the party to which this request is directed. You are advised that as long as you have a superior right to compel this production from a third party (including any agency, authority or representative) you have possession, custody, or control.

5. "*Incident*" or *"occurrence"* means the accident or occurrence which constitutes the factual basis for the Plaintiff's cause of action.

6. "*Person*" or "*persons*" shall include individuals, associates, partnerships, corporations, and/or any other type of entity or institution whether formed for business purposes or any other purposes.

7. "*Area*" shall include the place where the incident occurred and forty feet in any direction from where the incident occurred.

## Interrogatories

1. State the full name, current physical address, telephone number, employer and job title, of each person answering and assisting in answering these interrogatories on behalf of Defendant.

    ANSWER:

2. Has this Defendant been sued under its correct name? If not, state the correct name and identify any associated registered agent along with said agent's address.

    ANSWER:

3. Describe your understanding of how the incident occurred and state what the claim or contention of the Defendant(s) will be regarding any cause or contributing cause of the incident, including a statement of the facts and information upon which such contention is based.

    ANSWER:

4. Describe fully the guidelines and procedures, including any and all inspection programs utilized by Defendant(s), at the time of the accident, pertaining to the inspection of the premises for hazards that may cause slips, trips, falls or incidents similar to the one that is the basis of this lawsuit.

    ANSWER:

5. Fully describe the nature and content of all discussions between Defendant's representatives and Plaintiff immediately before and after the incident which makes the basis of this suit until Plaintiff left Defendant's premises.

ANSWER:

6. State whether or not you have a copy of any statement which the Plaintiff has previously made concerning the actions or its subject matter and which is in your possession, custody or control. For the purpose of this question, a statement previously made includes:

   a. a written statement signed or otherwise adopted or approved by the person making it; or

   b. a stenographic, mechanical, electrical or other recording or any transcription thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

   ANSWER:

7. Did you or any agent or employee of the Defendant ever take or receive any statement, either oral or in writing, from any person, including parties to this lawsuit, who had any information or knowledge relating to the incident? If yes, please state as to each such person:

   a. his/her identity, including name and address;

   b. the date of each such statement;

   c. the substance of each such statement; and

   d. if any such statement was in writing, either attach a copy of each such statement to your answers to these interrogatories or indicate where and when each such statement may be examined by counsel.

   ANSWER:

8. State each and every act which you contend Plaintiff should have performed or should not have performed to avoid the incident or the damages arising therefrom. As to each such act or inaction identified, please further set forth:

   a. each and every non-privileged fact which you contend supports the subject contention;

   b. the identity of any person known to you who possesses or claims to possess knowledge of any non-privileged facts supporting each contention;

   c. an identification, with such particularity as you would require in a motion to produce, of each and every writing which relates to or supports each such

–9–

        contention; and

        d.    the identity of the custodian of each writing identified in your answer to the foregoing sub-part of this interrogatory.

        ANSWER:

9.    Do you contend that the negligence of anyone other than the Plaintiff caused or contributed to the injuries, losses or damages in this lawsuit, identify each other party that you contend to have been negligent and the manner in which each such party was negligent.

        ANSWER:

10.   Please describe other incidents occurring at the premises where the incident occurred, within the last three years, that involve an invitee falling due to any defect whether it be a liquid or solid material, describing the date the incident occurred, the name of the area where the incident occurred, and the substance, if known that caused the individual's fall.

        ANSWER:

11.   Please identify any employees, agents or representatives that witnessed Plaintiff fall by stating their name and their last known contact information.

        ANSWER:

12.   Please identify any employees, agents or representatives who were working in the area (same area) at the time the Plaintiff slipped and fell by stating their name, their duties at the time of the incident, and their last known contact information.

        ANSWER:

13.   Please state what measures or precautions had been taken the day of the incident to keep the floor in the area where the incident occurred free from hazards describing any floor care that had been completed (including but not limited to sweeping, dusting, mopping, buffing, etc.), the time the floor care had been completed, who completed the work, any inspections that had been completed of the floor of the area where the Plaintiff fell, and the time of those inspections.

        ANSWER:

14.   Please state the name(s) of the individual(s) who had completed an inspection of the floor in the area where the Plaintiff was injured by stating each individual's name and the time they conducted their inspection, and what, if anything they found during their inspection of the area.

ANSWER:

15. Please state the name(s) of the individual(s) who were responsible for inspecting the floor for hazards at the time the incident occurred and the area where the incident occurred, stating their name, their job title and the area where they were assigned at the time of the incident.

    ANSWER:

16. Please describe the method and type of surveillance in the area where the Plaintiff fell by stating whether surveillance film exists, whether the video is black and white or in color, whether or not the surveillance video still exists, and a list of the cameras and their location within forty feet of where the incident occurred at the time the incident occurred.

    ANSWER:

17. Prior to the incident, when was the last time that a Defendant or representative of the Defendant visited the area where the incident occurred for any reason by stating the name of the representative, the reason the representative visited the area and what if any hazards they saw.

    ANSWER:

18. Please state all steps taken immediately prior to the incident by the Defendant, including the use of floor mats, warning signs, moisture absorbents, fans, or other devices used to protect invitees from hazards such as wet floors, puddles or spills or other unreasonably dangerous conditions in the area where the incident occurred.

    ANSWER:

19. Please state all warnings that were given to Plaintiff prior to the incident by stating the type of warning given. If given by an individual, please identify the individual, what was said to the Plaintiff by the individual, how far the warning was given to Plaintiff from the site of the occurrence and whether or not Plaintiff responded in any manner to the warning. If a warning was given by a sign, please state the number of signs warning Plaintiff of the condition, where the sign(s) were placed with respect to where Plaintiff fell, when the signs were placed and the direction the signs were facing.

    ANSWER:

20. Please state whether you intend to impeach Plaintiff or any of Plaintiff's witnesses with evidence of a criminal conviction, pursuant to TEX. R. Civ. EVIDENCE 609. If so,

please describe such evidence by giving the name of the accused, the nature of the crime and the date of the conviction.

ANSWER:

## Requests for Production

Please produce for inspection and copying the following documents, information, or tangible things in your possession, custody or control:

1. Any and all photographs or video tapes of the scene of the incident ten minutes before or 20 minutes after the incident which makes the basis of this lawsuit.

2. Any and all drawings, maps, blueprints, sketches or diagrams of the scene of the incident which makes the basis of this suit prior to and after the incident which makes the basis of this suit. This request includes any drawings, maps, blueprints, sketches or diagrams made prior to and after any modifications to the subject premises for the ten-year period prior to the incident which makes the basis of this suit.

3. Any and all documents evidencing alterations or remodeling done to the subject premises after the incident which makes the basis of this suit.

4. Any and all diagrams or schematics of the floor plan and/or layout of the subject premises in its entirety at or about the time of the incident which makes the basis of this suit.

5. Copies of all medical records, medical bills, medical narratives and medical notes pertaining to medical care received by Plaintiff in Defendant's or Defendant's attorney's possession.

6. Any and all photographs, movies, video recordings, or visual reproductions of any kind in your possession, the possession of your attorney, your experts, or any other person acting on your behalf pertaining to the incident, the scene of the incident, or any other fact or matter that is the subject or related to the subject of this suit, whether or not expected to be introduced into evidence at trial.

7. Any and all papers, books, accounts, writings, drawings, or graphs which may be used in the defense of this cause of action.

8. Any and all documents and tangible things, the production of which has not been requested pursuant to any other request which you intend to offer into evidence at the trial of this case.

9. A list of all employees on duty at the time of the incident and the areas or tasks said employees were assigned to.

10.     A list of all employees who had contact with Plaintiff on the date of the incident which makes the basis of this suit.

11.     Any and all documents related to non-privileged investigatory measures taken by Defendant in an effort to determine the basis of Plaintiff's claim.

12.     Any and all documents related to previous incidents similar to that suffered by Plaintiff including, but not limited to, fall accidents on the subject premises of Defendant in the past five years.

13.     Any and all documents related to previous fall accidents on the subject premises of Defendant in the past 5 years.

14.     Any and all documents reflecting incidents on the subject premises of Defendant similar to that made the basis of this lawsuit reported to Defendant within the last five years.

15.     Any and all documents, including pamphlets and brochures, relating to the standard procedures for dealing with complaints of a nature similar to that on which this lawsuit is based in effect on the day of the incident.

16.     A list of all lawsuits filed against Defendant arising from incidents of a nature similar to that on which this lawsuit is based for the past three years.

17.     Any and all photographs, documents or copies of warnings posted or contained on the premises of Defendant notifying customers that they should exercise care while in the subject premises where the incident occurred.

18.     All video tapes and photographs showing the premises at or near the place where the Plaintiff was injured in substantially the same condition it was in at the time of the Plaintiff's injury.

19.     Copies of any incident reports, accident reports or internal documents that evidence previous complaints by customers similar to that which makes the basis of this suit for the past three years.

20.     Any and all statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by the Plaintiff and contemporaneously recorded.

21.     A verbatim copy of each and every statement in your possession allegedly made by the Plaintiff, its agents, or employees, in this case. Such statements would include oral statements, written statements, or recorded statements.

22. Copies of statements from employees who had contact with Plaintiff on or after the date of the incident, regarding the incident which makes the basis of this suit.

23. A copy of all policies, procedures, memorandums or other documents evidencing the Defendant's policy of inspecting the premises for fall risks, including but not limited to mopped floors that are still wet, spills, puddles, or other hazards in effect on the day of the incident.

24. A copy of all log sheets, inspection logs, or sign-off sheets evidencing that floor cleaning and maintenance and or inspection of the floors had been completed in the area where the incident occurred on the day of the accident.

25. A copy of any training or instruction manuals given to employees that address or mention how to inspect the premises for slipping or tripping hazards (including spills, puddles or other tripping or slipping hazards), how to deal with the hazards once they are found, and the frequency at which said inspections are to be conducted that were in effect the day of the incident.

26. A copy of any safety tests employees were required to take (either in their orientation, safety meetings, safety seminars, or as required by management) that tests matters such as identifying tripping and slipping hazards or other hazards or risks. This only includes tests that were instituted or taken within the five years prior to the incident.

27. The employee's individual results of the tests identified in Request number 26, for the employees that were assigned to the area where the incident occurred as well as the individual results for those employees tasked with inspecting the premises for hazards such as spills, puddles or other slipping or tripping hazards, on duty at the time of the incident.

28. A copy of any incident report regarding the subject matter that forms the basis of this lawsuit.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, prays that Defendant be cited to appear and answer herein; that Plaintiff be awarded actual and special damages in a sum to be specified by the trier of fact; that Plaintiff be awarded expenses and costs of court; that Plaintiff be granted pre- and post-judgment interest as provided by law; and that Plaintiff receive such other and further relief, general or special, legal or equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

MESTEMAKER, STRAUB & ZUMWALT

By:  /s/ David K. Mestemaker
    David K. Mestemaker
    State Bar No. 13974600
    dkm@mandsattorneys.com

By:  /s/ Norman Straub
    Norman Straub
    State Bar No. 00793002
    nstraub@mandsattorneys.com

By:  /s/ Jonathan B. Zumwalt
    Jonathan B. Zumwalt
    State Bar No. 24053570
    jbz@mandsattorneys.com

    3100 Timmons Lane, Suite 455
    Houston, Texas 77027
    (713) 626-8900 Telephone
    (713) 626-8910 Telecopier

ATTORNEYS FOR PLAINTIFF

**Designated E-Service Email Address**
The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R.Civ. P. 21(f)(2) & 21(a). (Contact@mandsattorneys.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.